**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BRUCE CULLUM**<br>1150 Louisiana Avenue Apt. 40<br>Perrysburg, Ohio  43551<br><br>                               Plaintiff,<br>v.<br><br>**HEARTLAND HEALTHCARE SERVICES, LLC**<br>**Aka and/or dba HEARTLAND HEALTHCARE SERVICES**<br>4755 South Avenue<br>Toledo, Ohio  43615<br><br>                               Defendant. | Case No<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Francis J. Landry   (0006072)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD, LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorneys for Plaintiff<br>Bruce Cullum |

\*   \*   \*   \*   \*   \*   \*   \*

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 29 U.S.C. Sections 621 et seq. known as the Age Discrimination in Employment Act which proscribes employment discrimination on the basis of age. Venue is proper in this district, as the events and omissions giving rise to the claims occurred in this district.

**PARTIES**

2.      Plaintiff, Bruce Cullum, is a citizen of the United States, and a resident of the City of Perrysburg, County of Wood, State of Ohio.  At all times material hereto, Plaintiff was an

employee of an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq., in that Defendant is an employer who employed more than twenty (20) employees at all times material hereto. Plaintiff states that on April 6, 2021, he timely filed a charge of employment discrimination on the basis of age with the United States Equal Employment Opportunity Commission, Charge No. 22A-2021-01347C. A copy of said charge is annexed as Exhibit A and specifically incorporated by reference herein and made a part hereof as if fully rewritten herein. Plaintiff states that more than sixty (60) days have elapsed since the filing of his charge with the EEOC.

3. Plaintiff states that the Defendant Heartland Healthcare Services, LLC is a limited liability company duly organized under the laws of the State of Ohio to do business in the state of Ohio, with a place of business in the City of Toledo, County of Lucas, State of Ohio where Plaintiff was employed by Defendant. At all relevant times, Defendant was an employer within the meaning of the Age Discrimination in Employment Act as Defendant at all times was an employer of more than twenty (20) employees.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendants did so in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq.

## STATEMENT OF FACTS

5. Plaintiff was hired on December 5, 1994 by Defendant as a Driver. As years went by, while his title was the same, he performed maintenance functions.

6. Plaintiff states that he was at all times meeting and exceeding his employer's legitimate expectations on the job.

7. Plaintiff was in the age group protected by the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq. as he is sixty-six (66) years of age.

8. Suddenly, on February 1, 2021, Plaintiff was informed by Defendant that he was being terminated as part of a reduction in force. In fact, Plaintiff was the only employee affected by this action in his department.

9. Plaintiff states that his employer retained a less senior 38 year old driver and that there were only two persons in that position at the facility where Plaintiff was employed when he was laid off. The 38 year old employee who was retained by Defendant was far less senior than Plaintiff and was new to Plaintiff's department.

### CLAIM FOR RELIEF
### Age Discrimination—29 U.S.C. Sections 621 et seq.

10. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nine (9) of this Complaint, supra, by reference in its entirety as if fully restated herein.

11. Plaintiff was in the age group protected by 19 U.S.C. Sections 621 et seq. as he is sixty-six (66) years of age.

12. Plaintiff states that on February 1, 2021, Defendant terminated his employment because of his age.

13. While the Defendant maintained that it had terminated Plaintiff as a reduction in force, Plaintiff was the only person affected by this reduction in his department, and, Defendant retained a substantially younger and far less senior employee to continue in Plaintiff's job position.

14. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations. The reduction was aimed at only Plaintiff and was a subterfuge to bring about his termination from

Defendant's employ. Furthermore, a significantly younger, similarly situated employee was not terminated, but was retained. Plaintiff's discharge permitted the retention of this significantly younger employee.

15. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendants' legitimate expectations and was a highly rated and skilled employee.

16. Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq.

17. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits inclusive of 401 k benefits, great mental and emotional distress, anguish, humiliation and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

/s/ Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Bruce Cullum

## JURY DEMAND

Plaintiff demands a trial by a jury of his peers on all issues triable of right by jury.

Respectfully submitted,

/s/ Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Bruce Cullum